IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN RICHMOND,

                                         ORDER

                  Plaintiff,

                                      11-cv-118-slc[1]

      v.

MADISON POLICE DEPT., DET. COREY NELSON,
P.O. WILLIAM NEEDLEMAN, P.O. SHANE PUESCHNER,
P.O. MARINE YOO, P.O. SOLON McGILL, P.O. JEFFREY TWIGG,
ASST. DIST. ATTORNEY COREY STEPHEN,
ATTORNEY JEFFREY W. PURNELL and
COURT OFFICIAL JUDGE MARYANN SUMI,,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Sean Richmond has filed a proposed complaint under 42 U.S.C. § 1983 in which he contends that "no charges should have been brought against" him for "1st degree reckless endangerment—repeater and possession of a firearm—repeater" because the Madison Police Department manufactured the evidence against him. In his request for relief, he asks the court to "overturn the conviction" and award him $10 million.

Plaintiff's claim is not one that he may bring under § 1983 at this time. 28 U.S.C.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

§ 2254 provides a remedy to persons contending that they are "in custody" in violation of the Constitution; § 1983 authorizes civil actions for deprivations of constitutional rights. Although the potential exists for a substantial overlap between the two statutes, the Supreme Court has held on multiple occasions that a person may not challenge the validity of his confinement in a lawsuit under § 1983. Rather, he must first seek relief from his conviction in a petition for a writ of habeas corpus. E.g., Preiser v. Rodriguez, 411 U.S. 475 (1973). Even when a person seeks only damages and not release, habeas corpus remains the sole federal remedy when a ruling in the plaintiff's favor would call into question the validity of his confinement. Heck v. Humphrey, 512 U.S. 477 (1994). Courts refer to the rule in Preiser and Heck as the "favorable termination requirement." E.g., Alejo v. Heller, 328 F.3d 930, 937 (7th Cir. 2003); Carr v. O'Leary, 167 F.3d 1124, 1129 (7th Cir. 1999). Challenges to the circumstances of confinement rather than to the confinement itself cannot be remedied by a petition for a writ of habeas corpus and therefore may be brought as an action under § 1983. Muhammad v. Close, 540 U.S. 749 (2004).

 Because plaintiff is challenging the validity of his convictions rather than the circumstances of his confinement, this case must be dismissed. If plaintiff believes his conviction violates federal law, he should challenge it using the appropriate state court postconviction procedures. If he has not obtained relief after exhausting his state court remedies, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

2

ORDER

IT IS ORDERED that this case is DISMISSED under the rule in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Entered this 23d day of March, 2011.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge